TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00618-CR






Rebonna J. McPherson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT OF STERLING COUNTY


NO. 3213, HONORABLE ROBERT L. BROWNE, JUDGE PRESIDING







 Appellant Rebonna J. McPherson was convicted, in a jury trial, of the offense of
operating a motor vehicle in a public place while intoxicated. See Tex. Pen. Code Ann. § 49.09(a)
(West Supp. 2002). The trial court assessed appellant's punishment, enhanced by a prior conviction
for driving while intoxicated, at confinement in the county jail for sixty days and a fine of $1,500. 
Imposition of sentence was suspended and appellant was granted community supervision for two
years. On appeal, appellant asserts that the evidence is legally and factually insufficient to sustain
the jury's verdict. We will affirm the judgment.

 A person commits an offense if the person is intoxicated while operating a motor
vehicle in a public place. Id. "Intoxicated" means not having the normal use of mental or physical
faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug,
a combination of two or more of those substances, or any other substance into the body. Id.
§ 49.01(2)(A).

 In her first point of error, appellant insists that the evidence is legally insufficient to
support the jury's verdict. Specifically, appellant urges that the evidence is insufficient to prove she
was intoxicated when she admittedly operated a motor vehicle in a public place. In reviewing the
legal sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the
light most favorable to the prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Patrick v. State, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995); Aiken v. State, 36 S.W.3d 131, 132
(Tex. App.--Austin 2000, pet. ref'd).

 Brenda Bradford, the assistant manager of a general store in Garden City, saw the
appellant and two children in the store on the evening, of February 3, 2001. Bradford testified that
appellant "could not judge her distance . . . she kind of leaned." When appellant "approached the
counter, she hung onto the counter" to "support herself." Appellant purchased lottery tickets and
food for the children. Bradford testified appellant's breath smelled of alcohol and that she was
definitely intoxicated. "[W]hen [appellant] walked out, she stumbled and had to catch herself
against her vehicle." Appellant departed driving east toward Sterling City in a red vehicle. As soon
as appellant and the children left the store, the store employees discussed the situation and decided
it was dangerous and that they should call a law enforcement officer. Bradford testified that "I had
to let Mr. Zunker know which direction [appellant] was headed."

 Robert L. Bailey, a Texas Department of Public Safety Trooper, was stationed in
Sterling City. At about 7:55 p.m. on February 3, 2001, while Trooper Bailey and Sterling County
Deputy Sheriff Tim Sanders were eating supper, Sanders received a call from Glasscock County
Deputy Sheriff Kenneth Zunker.

 Responding to that call, Bailey drove west on Texas Highway 158 to "check out . . . 
a red sport utility vehicle with a white top, occupied by a woman driving that was blond headed and
had two boys in the vehicle." About ten miles west of Sterling City, Bailey met a car that his radar
showed was travelling at an unlawful speed of seventy-four miles an hour. As Bailey turned his
patrol car around to pursue the speeding east-bound vehicle, he saw the "vehicle cross the center
stripe with all four tires of the vehicle" going into the west-bound lane. Bailey activated his
overhead lights and followed the vehicle. The vehicle fit the description of the vehicle Bailey was
looking for. After Bailey pursued the vehicle for about three-quarters of a mile, it "braked abruptly
. . . faster than most vehicles do . . . . It made a jerking motion and slid on the grass." When Bailey
walked up to the vehicle, he smelled a strong odor of an alcoholic beverage. At Bailey's request,
appellant displayed a temporary driving permit identifying her as Rebonna J. McPherson. Appellant
had "red glassy eyes." Bailey asked appellant to exit her vehicle to perform field sobriety tests. 
Appellant refused to comply with Bailey's request and told him to get a warrant. When appellant
continued to argue with Bailey, he forcibly removed her from her car, handcuffed her, and told her
he was arresting her for driving while she was intoxicated. Bailey noticed that appellant's "eyes
were very dilated." Bailey suspected appellant had something else in her "system besides alcohol
that was causing the impairment." Appellant told Bailey that "she would go nowhere but to an
admiralty court."

 Appellant refused to leave her boys and go back to the patrol car. At Bailey's request,
the boys got into the patrol car and the appellant then got in the patrol car. Bailey's patrol car was
equipped with a video camera which was activated when he turned on the overhead lights. Bailey
carried a microphone that recorded his voice and the appellant's. The tape recorded Bailey's pursuit
of appellant, the scene of her arrest, and appellant's appearance and their conversation while
appellant was being taken to jail. Sterling County Sheriff Don Howard came to the scene of the
arrest and drove appellant's vehicle to Sterling City. Appellant complained about the way Sheriff
Howard drove her car and asked Bailey to arrest him and told Bailey that she was going to make a
citizen's arrest of the sheriff. Appellant continued to argue with Bailey and asserted that she was not
intoxicated and told him that she was taking medication. Bailey took appellant to the sheriff's office. 


 Deputy Sheriff Tim Sanders came to the scene of appellant's arrest after she was out
of her car. Sanders testified that appellant "was being very belligerent towards Trooper Bailey and
was shouting and yelling." Her speech was slightly slurred and her "eyes were real watery." Sanders
made an inventory search of appellant's vehicle. He found a beer can three-fourths empty and three
unopened cans of beer. At the jail, Sanders booked appellant into jail. She was partially
uncooperative in that she refused "to sign any documents pertaining to the medical or the personal
property." Appellant refused to allow the taking of her blood for a blood-alcohol test. In Sanders'
opinion, appellant was intoxicated.

 The evidence, when viewed in the light most favorable to the prosecution, supports
a rational finding that the essential elements of the charged offense were proved beyond a reasonable
doubt. The verdict of the jury, the finder of fact, is supported by legally sufficient evidence. 
Appellant's first point of error is overruled. 

 In her second point of error, appellant asserts that the evidence is factually insufficient
to support the jury's verdict. In a factual sufficiency review, we are required to give deference to the
jury's verdict and examine all of the evidence impartially, setting aside the jury verdict "only if it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." Cain
v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996). The complete and correct standard a reviewing court must follow to conduct a
Clewis factual sufficiency review is to determine whether a neutral review of all of the evidence,
both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).

 Appellant testified in her own defense. On the day she was arrested, she was driving
from Odessa, intending to go to San Angelo. She was accompanied by her sons, eleven and twelve
years old. They had planned to go fishing the next day. She denied drinking any alcoholic beverages
on the day she was arrested and explained that the beer found in her car was for her use the next day. 
She denied driving across the center line of the highway before she was stopped. She denied that
she was offered field sobriety tests. She admitted that she refused a blood-alcohol test but testified
she requested, but was not given, a breath test. She admitted that she was tired and had been taking
Celexia, an antidepressant, and testified that she was angry and upset when she was arrested. 
Appellant explained that her demand that the arresting officer get a warrant and that she be taken
before an admiralty court was based on information imparted to her by a former friend. Appellant
testified that her trial attorney had explained to her that her friend had misinformed her. 

 Appellant argues that, in consideration of all of the evidence, it was manifestly unjust
to find that she was guilty of driving while intoxicated. She insists that compelling trial evidence
shows that her behavior at the scene of her arrest was due to fatigue and antidepressants, not because
of the use of alcohol. She strenuously argues that the videotape and sound track admitted in
evidence contradicts Trooper Bailey's testimony. Moreover, she urges that the tape proves she was
sober, cognizant, and cooperative when she was arrested and that she had full use of her mental and
physical faculties. (1)

 We have viewed the videotape which was exhibited to the jury and we have listened
to the accompanying sound track. The tape was of poor quality. Although appellant did not appear
to be stumbling and unsteady or incoherent, her attitude and demeanor could be characterized as
quite argumentative and uncooperative. Appellant made no attempt to controvert the testimony of
Bradford, the assistant store manager, who observed appellant a short time before appellant was
arrested. Bradford testified that appellant could not judge distance, leaned on the counter for
support, and stumbled and fell against her car when she left the store. Bradford also testified
appellant's breath smelled of alcohol and that she was "definitely intoxicated."

 It was for the jurors to weigh and give the consideration they deemed appropriate to
the tape as well as to the testimony of the witnesses; it was the jurors' duty to consider the credibility
and the weight they would give the testimony of the witnesses Bradford, Bailey, Sanders and
appellant; it was the jurors' duty to resolve any variances, contradictions or conflicts in the evidence.

 After examining all of the evidence impartially and giving deference to the jury's
verdict, we conclude that the jury's verdict is not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Moreover, our neutral review of all of the evidence both
for and against the jury's verdict, fails to show that the proof of appellant's guilt is so obviously
weak as to undermine confidence in the jury's determination, or that the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. The evidence is factually sufficient
to support the jury's verdict. Appellant's second point of error is overruled.

 The judgment is affirmed.



 __________________________________________

 Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally* 

Affirmed

Filed: May 2, 2002

Do Not Publish

* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   Appellant cites and relies on State v. Fecci, 9 S.W.3d 212 (Tex. App.--San Antonio 1999,
no pet.). In that case, the State appealed from the trial court's order granting a pretrial motion to
suppress evidence. The standard of review in that case required the reviewing court to view the
evidence in the light most favorable to the trial court's findings. Id. at 219. In that case, it was clear
that the trial court found the testimony of the officers not credible. Id. at 218. The only remaining
evidence was the video-audiotape. The reviewing court found that it supported the trial court's
findings. In the case at bar, we apply the standard for factual sufficiency, as stated in the opinion,
to determine whether the jury's verdict is supported by factually sufficient evidence.